No. 3533.—INES PEYROUX *v.* M. A. PEYROUX et als.

A decree of the probate court ordering the sale of succession property, can not be attacked collaterally by the heirs, in a proceeding to be recognized as the owner of the property which has been sold under it, on the ground that the order of sale was irregular and null.

In a succession sale of property for the purpose of effecting a partition among the heirs, the appointment of a special tutor to each is unnecessary.

The appointment of another person than the one first designated to make the sale of succession property for the purposes of partition does not render the order of sale or the sale a nullity.

The purchaser of property at probate sale has nothing to do with the character of the judgment directing the sale of the property, whether such a decree be a judgment of partition is immaterial to the purchaser.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Charles Lougue,* for plaintiff and appellant. *O. E. Schmidt,* for defendants and appellees.

TALIAFERRO, J. The plaintiff, as one of the heirs of her deceased mother, asks to be recognized as the owner of the one-seventh part of a square of ground in the Third District of New Orleans, now in possession of the defendant Jacob Badinger, which she alleges was illegally sold.

On the twenty-seventh of May, 1862, P. O. Peyroux as heir and administrator brought suit for the partition of the property held in common by him and his minor brothers and sisters, whose tutor he was. Experts were appointed to report whether or not the property was susceptible of partition in kind. They reported in the negative. The under-tutor, who was cited to represent the minors, answered that he could urge no objections to the demand for partition and as the experts had reported that it could not be made in kind, asked for a family meeting to fix the terms of sale. This family meeting advised the sale and fixed the terms. Their deliberations were homologated and the sale was ordered to be made accordingly by N. Vignie, auctioneer. Subsequently the administrator asked that his own name be substituted in place of that of the said auctioneer, which was done. The sale was made by him, and the piece of property in controversy was adjudicated to the defendant, M. A. Peyroux, who sold it to Baringer. The plaintiff prays that those sales be declared null as to her, on several grounds and from a judgment against her she has appealed.

The plaintiff by admitting that the acts under private signature, offered by defendant, were executed and delivered at the dates thereof and the signatures thereto were genuine, removed the objections made by her to their admissibility. The act of sale under private signature is admitted to have been recorded long before the institution of this suit.

Article 2234 R. C. C. provides that "all *proces verbals* of succession property, signed by the sheriff or other person making the same, by

the purchaser and two witnesses, are authentic acts." The one in this case was so signed. The change made by the court in the person appointed to make the sale does not in this instance affect the authenticity or admissibility of the *proces verbal.* The bills of exceptions are not well taken.

The alleged grounds of the nullity of the sale attacked are:

*First*—The judgment ordering the sale was rendered without trial, without motion or suggestion of the parties.

A decree or order of sale was rendered by the probate court, and it can not in this collateral way be attacked. 2 An. 509; 14 An. 413; 23 An. 500.

*Second*—The minors were not properly represented, because a special tutor to each was not appointed. This was unnecessary. Article 275 and not 1369, R. C. C. applies. See the case of Emmer *v.* Kelly, 23 An.

*Third*—The judgment could not be altered after rendition. The alteration referred to was the change in the person appointed to make the sale, which did not produce the nullity of the order of sale or the sale.

*Fourth*—It was not a judgment in partition. With this the purchaser at the auction sale has no concern.

*Fifth*—The defendant could not have acquired by just title.

This is corollary from the preceding grounds, and as they are not maintained it must fall.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.